**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 6 2010 ★

BROOKLYN OFFICE

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

                  v.

DARIN DEMIZIO, et al.,

                              Defendants.

Civ. No. 07- 3927 (JG)(RML)

### FINAL CONSENT JUDGMENT OF
### PERMANENT INJUNCTION AND OTHER RELIEF
### AS TO DEFENDANTS DONATO TRAMONTOZZI
### AND DFT CONSULTING, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint

("Complaint") alleging that defendants Donato Tramontozzi ("Tramontozzi") and DFT

Consulting, Inc. ("DFT") violated Section 17(a) of the Securities Act of 1933 ("Securities Act")

[15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")

[15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.C. § 240.10b-5], and defendants

Tramontozzi and DFT having executed the Consent of Defendants Donato Tramontozzi and DFT

Consulting, Inc. ("Consent") annexed hereto and incorporated herein, having acknowledged

service of the Summons and Complaint and having waived the entry of findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted

to the jurisdiction of this Court over them and over the subject matter of this action and, without

admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, and having consented to the entry of this Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendants Donato Tramontozzi And DFT Consulting, Inc. ("Final Judgment"), without further notice:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants Tramontozzi and DFT are permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

(A)     employing any device, scheme, or artifice to defraud;

(B)     obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C)     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants Tramontozzi and DFT are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

2

(A)     employing any device, scheme, or artifice to defraud;

(B)     making any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(C)     engaging in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.C. § 240.10b-5].

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of

defendant Tramontozzi having been sentenced pursuant to his guilty plea in *United States v.*

*Sherlock, et al.*, 07-CR-00711 (E.D.N.Y.) (JG), in which he was criminally charged with

engaging in the same conduct alleged in the Commission's Complaint, to pay restitution in the

amount of $200,000, to pay a fine in the amount of $40,000 and to serve 9 months in federal

prison followed by 3 years of supervised release, defendants Tramontozzi and DFT are not

additionally liable in the Commission's civil action for disgorgement of ill-gotten gains they

received as a result of the conduct alleged in the Commission's Complaint or for civil penalties.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule

65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon

defendants Tramontozzi and DFT, their agents, servants, employees and attorneys, and upon

those persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

4

## CONSENT OF DEFENDANTS DONATO TRAMONTOZZI
## AND DFT CONSULTING, INC.

1.      Defendants Donato Tramontozzi ("Tramontozzi") and DFT Consulting, Inc.

("DFT"), being fully apprised of their rights, having had the opportunity to confer with legal

counsel, having read and understood the terms of the annexed Final Consent Judgment Of

Permanent Injunction And Other Relief As To Defendants Donato Tramontozzi and DFT

Consulting, Inc. ("Final Judgment"), appear and admit to the jurisdiction of this Court over them

and over the subject matter of this action, waive the entry of findings of fact and conclusions of

law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial

or argument, and without admitting or denying the allegations of the Complaint filed by plaintiff

Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are

admitted, hereby consent to the entry of the annexed Final Judgment.

2.      Defendants Tramontozzi and DFT agree that this Consent Of Defendants Donato

Tramontozzi and DFT Consulting, Inc. ("Consent") shall be incorporated by reference in and

made part of the Final Judgment to be presented to the Court for signature, filing and entry

contemporaneously herewith.

3.      Defendants Tramontozzi and DFT waive the right, if any, to a jury trial and to

appeal from the Final Judgment.

4.      Defendants Tramontozzi and DFT acknowledge that any violation of any of the

terms of the Final Judgment may place them in contempt of this Court and subject them to civil

or criminal sanctions.

5

5.      Defendants Tramontozzi and DFT acknowledge that they enter into this Consent voluntarily, and that, this Consent and the Final Judgment embody the entire understanding of themselves and the Commission.  Defendants Tramontozzi and DFT acknowledge and agree that this proceeding and their Consent to the entry of the Final Judgment are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6.      Defendants Tramontozzi and DFT acknowledge that they have been informed and understand that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7.      Defendants Tramontozzi and DFT acknowledge that, in conformity with the provisions of 17 C.F.C. § 202.5(f), their Consent and the entry of the annexed Final Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against them or anyone else.  Among other things, defendants Tramontozzi and DFT waive any right they may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

6

8.      Defendants Tramontozzi and DFT acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9.      Defendants Tramontozzi and DFT understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.C. § 202.5(e).  In compliance with this policy, defendants Tramontozzi and DFT agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendants Tramontozzi and DFT hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint.  If defendants Tramontozzi and DFT breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects defendants Tramontozzi's and DFT's:  (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

10.     Defendants Tramontozzi and DFT agree that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final

Judgment and for all other purposes.

11.     Defendants Tramontozzi and DFT hereby consent and agree that the annexed Final Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

12.     Defendants Tramontozzi and DFT will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

13.     Defendants Tramontozzi and DFT waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendants Tramontozzi and DFT of its terms and conditions.  Defendants Tramontozzi and DFT agree to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging their receipt of the Final Judgment no later than twenty (20) days after a copy of the Final Judgment has been delivered to their counsel, Joseph Conway, Esq., LaRusso & Conway, ~~145 Willis Avenue~~, 300 Old Country Rd., Mineola, New York 11501

14.     Defendants Tramontozzi and DFT hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendants Tramontozzi and DFT to defend against this action.  For these purposes, defendants Tramontozzi and DFT agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

8

15.    In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, defendants Tramontozzi and DFT (i) agree to appear and be interviewed by Commission

staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service

by mail or facsimile transmission of notices or subpoenas issued by the Commission for

documents or testimony at depositions, hearings, or trials, or in connection with any related

investigation by Commission staff; (iii) appoint their attorney, Joseph Conway, Esq., as agent to

receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas,

waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil

Procedure and any applicable local rules, provided that the party requesting the testimony

reimburses defendants Tramontozzi's and DFT's travel, lodging, and subsistence expenses at the

then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over

them in any United States District Court for purposes of enforcing any such subpoena.

Dated: _June 10_, 2009

Donato Tramontozzi

On _June 10_, 2009, Donato Tramontozzi, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: 12|27|12

**Joseph R. Conway**
**Notary Public State of New York**
**No. 02CO6120618**
**Qualified in Nassau County**
**Commission Expires Dec. 27, 2012**

DFT Consulting, Inc.

By:

Donato Tramontozzi
Officer and Director

On _June 10_, 2009, Donato Tramontozzi, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent with full authority to do
so on behalf of DFT Consulting, Inc. as its Officer and Director.

Notary Public
Commission expires: 12|27|12

**SO ORDERED:**

s/John Gleeson                        1-22-10

**UNITED STATES DISTRICT JUDGE**

10