UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 22 2010  ★

BROOKLYN OFFICE

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

            v.

DARIN DEMIZIO, et al.,

                              Defendants.

Civ. No. 07- 3927 (JG)(RML)

FINAL CONSENT JUDGMENT OF
PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT DARIN DEMIZIO

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint

("Complaint") alleging that defendant Darin DeMizio ("DeMizio") violated Section 17(a) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17

C.F.C. § 240.10b-5], and defendant Darin DeMizio having executed the Consent of Defendant

Darin DeMizio ("Consent") annexed hereto and incorporated herein, having acknowledged

service of the Summons and Complaint and having waived the entry of findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted

to the jurisdiction of this Court over him and over the subject matter of this action and, without

admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which

are admitted, and having consented to the entry of this Final Consent Judgment Of Permanent

Injunction And Other Relief As To Defendant Darin DeMizio ("Final Judgment"), without

further notice:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant DeMizio

is permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any

security, by the use of any means or instrument of transportation or communication in interstate

commerce or of the mails:

    (A)    employing any device, scheme, or artifice to defraud;

    (B)    obtaining money or property by means of any untrue statement of material fact or

            any omission to state a material fact necessary in order to make the statements

            made, in light of the circumstances under which they were made, not misleading;

            or

    (C)    engaging in any transaction, practice, or course of business which operates or

            would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant

DeMizio is permanently restrained and enjoined from, directly or indirectly, in connection with

the purchase or sale of any security, by the use of any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange:

    (A)    employing any device, scheme, or artifice to defraud;

(B)     making any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(C)     engaging in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.C. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of

defendant DeMizio's sentence in his criminal case, *United States v. Darin DeMizio.*, 08-CR-

00336 (EDNY) (JG), in which he was criminally charged with engaging in the same conduct

alleged in the Commission's Complaint, to pay restitution in the amount of $1.2 million and to

serve 38 months in federal prison followed by 3 years of supervised release, defendant DeMizio

is not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains or

for civil penalties.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule

65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon

defendant DeMizio, his agents, servants, employees and attorneys, and upon those persons in

active concert or participation with him who receive actual notice of this Final Judgment by

personal service or otherwise.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT DARIN DEMIZIO

1.     Defendant Darin DeMizio ("DeMizio"), being fully apprised of his rights, having

had the opportunity to confer with legal counsel, having read and understood the terms of the

annexed Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendant

Darin DeMizio ("Final Judgment"), appears and admits to the jurisdiction of this Court over him

and over the subject matter of this action, waive the entry of findings of fact and conclusions of

law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial

or argument, and without admitting or denying the allegations of the Complaint filed by plaintiff

Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are

admitted, hereby consents to the entry of the annexed Final Judgment.

2.     Defendant DeMizio agrees that this Consent Of Defendant DeMizio ("Consent")

shall be incorporated by reference in and made part of the Final Judgment to be presented to the

Court for signature, filing and entry contemporaneously herewith.

3.     Defendant DeMizio waives the right, if any, to a jury trial and to appeal from the

Final Judgment.

4.     Defendant DeMizio acknowledges that any violation of any of the terms of the

Final Judgment may place him in contempt of this Court and subject him to civil or criminal

sanctions.

5.     Defendant DeMizio acknowledges that he enters into this Consent voluntarily,

and that, other than the acceptance of DeMizio's offer to consent to the entry of an administrative

order pursuant to Section 15(b) of the Securities Exchange Act of 1934, this Consent and the

Final Judgment embody the entire understanding of himself and the Commission. Defendant

DeMizio acknowledges and agrees that this proceeding and his Consent to the entry of the Final Judgment are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6.    Defendant DeMizio acknowledges that he has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7.    Defendant DeMizio acknowledges that, in conformity with the provisions of 17 C.F.C. § 202.5(f), his Consent and the entry of the annexed Final Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against him or anyone else. Among other things, defendant DeMizio waives any right he may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

8.    Defendant DeMizio acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with

6

respect to membership or participation in, or association with a member of, a self-regulatory

organization. This statutory disqualification has consequences that are separate from any

sanction imposed in an administrative proceeding.

9.      Defendant DeMizio understands and agrees to comply with the Commission's

policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a

sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.C. §

202.5(e). In compliance with this policy, defendant DeMizio agrees: (i) not to take any action or

to make or permit to be made any public statement denying, directly or indirectly, any allegation

in the Complaint or creating the impression that the Complaint is without factual basis; and (ii)

that upon the filing of this Consent, defendant DeMizio hereby withdraws any papers filed in this

action to the extent that they deny any allegation in the Complaint. If defendant DeMizio

breaches this agreement, the Commission may petition the Court to vacate the Final Judgment

and restore this action to its active docket. Nothing in this provision affects defendant

DeMizio's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of

litigation or other legal proceedings in which the Commission is not a party.

10.     Defendant DeMizio agrees that this Court shall retain jurisdiction of this matter

for purposes of implementing and enforcing the terms and conditions of the Final Judgment and

for all other purposes.

11.     Defendant DeMizio hereby consents and agrees that the annexed Final Judgment

may be presented by the Commission to the Court for signature and entry without further notice

or delay.

12.     Defendant DeMizio will not oppose the enforcement of the Final Judgment on the

ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil

Procedure, and hereby waive any objection based thereon.

13.     Defendant DeMizio waives service of the Final Judgment and agrees that entry of

the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to

him of its terms and conditions.  Defendant DeMizio agrees to execute and provide to the

Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging his receipt of the

Final Judgment no later than twenty (20) days after a copy of the Final Judgment has been

delivered to his counsel David Spears, Esq., Spears & Imes LLP, 51 Madison Avenue, New

York, New York 10010.

14.     Defendant DeMizio hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendant DeMizio to defend against this action.  For these purposes, defendant DeMizio agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

Dated:    ____5-1____, 2010

_____
Darin DeMizio

On ___1st of May___, 2010, Darin DeMizio, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

PANKAJ M. TELI
Notary Public - New Jersey
Morris County - ID #2056735
Commission Exp. ___9/1/2010___

**SO ORDERED:**

s/John Gleeson                              12-22-10

_____
UNITED STATES DISTRICT JUDGE

9



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**NEW YORK REGIONAL OFFICE**
3 WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK  10281-1022

WRITER'S DIRECT DIAL LINE
BURK BURNETT
TELEPHONE:  (212) 336-0037
FACSIMILE:   (212) 336-1317
BURNETTB@SEC.GOV

December 20, 2010

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 2 2 2010  ★

BROOKLYN OFFICE

**By UPS**

The Honorable John Gleeson
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    <u>**SEC v. Darin DeMizio, et al., 07-cv-3927 (JG)(RML)**</u>

Dear Judge Gleeson:

      We represent plaintiff Securities and Exchange Commission in the above-referenced action.  Enclosed for Your Honor's consideration is the signed proposed Final Consent Judgment as to defendant Darin DeMizio; the signed proposed Final Consent Judgment as to defendants Craig DeMizio and CD Management, Inc; and the signed proposed Final Consent Judgment as to defendants Anthony Lupo and Clinton Management Ltd.  The proposed Final Consent Judgments seek to resolve all of the Commission's claims against these defendants.

                                       Respectfully Yours,

                                       Burk Burnett
                                       Division of Enforcement

Enclosures

cc     David Spears, Esq. (Counsel for Darin DeMizio)
        Jethro M. Eisenstein, Esq. (Counsel for Craig DeMizio and CD Management, Inc.)
        Mark Hyland, Esq. (Counsel for Anthony Lupo and Clinton Management Ltd.)