UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 22 2010 ★
BROOKLYN OFFICE

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

DARIN DEMIZIO, et al.,

          Defendants.

Civ. No. 07-3927(JG)(RML)

## FINAL CONSENT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS CRAIG DEMIZIO AND CD MANAGEMENT, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") alleging that defendants Craig DeMizio ("C. DeMizio") and CD Management, Inc. ("CD Management") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.C. § 240.10b-5], and defendants C. DeMizio and CD Management having executed the Consent of Defendants Craig DeMizio and CD Management, Inc. ("Consent") annexed hereto and incorporated herein, having waived service of the Summons and Complaint and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over them and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, and having consented to the entry of this Final Consent Judgment Of Permanent Injunction And

Other Relief As To Defendants Craig DeMizio And CD Management, Inc. ("Final Judgment"), without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants C. DeMizio and CD Management are permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

(A) employing any device, scheme, or artifice to defraud;

(B) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants C. DeMizio and CD Management are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(A) employing any device, scheme, or artifice to defraud;

2

(B)   making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.C. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of defendant C. DeMizio having been sentenced pursuant to his guilty plea in *United States v. Craig DeMizio*, 07-CR-00711 (EDNY) (JG), in which he was criminally charged with engaging in the same conduct alleged in the Commission's Complaint, to pay restitution in the amount of $400,000 and serve 21 months in federal prison followed by 3 years of supervised release, defendants C. DeMizio and CD Management are not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains they received as a result of the conduct alleged in the Commission's Complaint or for civil penalties.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon defendants C. DeMizio and CD Management, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF DEFENDANTS CRAIG DEMIZIO AND CD MANAGEMENT, INC.

1.  Defendants Craig DeMizio ("C. DeMizio") and CD Management, Inc. ("CD Management"), being fully apprised of their rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendants Craig DeMizio and CD Management, Inc. ("Final Judgment"), appear and admit to the jurisdiction of this Court over them and over the subject matter of this action, waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial or argument, and without admitting or denying the allegations of the Complaint filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consent to the entry of the annexed Final Judgment.

2.  Defendants C. DeMizio and CD Management agree that this Consent Of Defendants Craig DeMizio and CD Management, Inc. ("Consent") shall be incorporated by reference in and made part of the Final Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

3.  Defendants C. DeMizio and CD Management waive the right, if any, to a jury trial and to appeal from the Final Judgment.

4.  Defendants C. DeMizio and CD Management acknowledge that any violation of any of the terms of the Final Judgment may place them in contempt of this Court and subject them to civil or criminal sanctions.

5.  Defendants C. DeMizio and CD Management acknowledge that they enter into this Consent voluntarily, and that, other than the acceptance of C. DeMizio's offer to consent to the entry of an administrative order pursuant to Section 15(b) of the Securities Exchange Act of 1934, this Consent and the Final Judgment embody the entire understanding of themselves and the Commission. Defendants C. DeMizio and CD Management acknowledge and agree that this proceeding and their Consent to the entry of the Final Judgment are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6.  Defendants C. DeMizio and CD Management acknowledge that they have been informed and understand that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7.  Defendants C. DeMizio and CD Management acknowledge that, in conformity with the provisions of 17 C.F.C. § 202.5(f), their Consent and the entry of the annexed Final Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against them or anyone else. Among other things, defendants C. DeMizio and CD Management waive any right they may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any

criminal action, or that any criminal action bars the relief consented to in this action.

8. Defendants C. DeMizio and CD Management acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Defendants C. DeMizio and CD Management understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.C. § 202.5(e). In compliance with this policy, defendants C. DeMizio and CD Management agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendants C. DeMizio and CD Management hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If defendants C. DeMizio and CD Management breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects defendants C. DeMizio's and CD Management's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

7

10. Defendants C. DeMizio and CD Management agree that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Judgment and for all other purposes.

11. Defendants C. DeMizio and CD Management hereby consent and agree that the annexed Final Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

12. Defendants C. DeMizio and CD Management will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

13. Defendants C. DeMizio and CD Management waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendants C. DeMizio and CD Management of its terms and conditions. Defendants C. DeMizio and CD Management agree to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging their receipt of the Final Judgment no later than twenty (20) days after a copy of the Final Judgment has been delivered to their counsel, Jethro M. Eisenstein, Esq., 14 Wall Street, 22nd Floor, New York, New York 10005.

14. Defendants C. DeMizio and CD Management hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendants C. DeMizio and CD

Management to defend against this action. For these purposes, defendants C. DeMizio and CD Management agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, defendants C. DeMizio and CD Management (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint their attorney, Jethro M. Eisenstein, Esq., as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony

reimburses defendants C. DeMizio's and CD Management's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over them in any United States District Court for purposes of enforcing any such subpoena.

Dated: JUNe 10, 2010

_____
Craig DeMizio

On June 10, 2010, Craig DeMizio, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

JENNIFER L. PLESNIAK-MOORE
NOTARY PUBLIC, STATE OF NEW JERSEY
MY COMMISSION EXPIRES DECEMBER 9, 2014

CD Management, Inc.

By: _____
Craig DeMizio
Officer and Director

On June 10, 2010, Craig DeMizio, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of CD Management, Inc. as its Officer and Director.

_____
Notary Public
Commission expires:

JENNIFER L. PLESNIAK-MOORE
NOTARY PUBLIC, STATE OF NEW JERSEY
MY COMMISSION EXPIRES DECEMBER 9, 2014

**SO ORDERED:**

s/John Gleeson                                12-22-10
_____
UNITED STATES DISTRICT JUDGE