FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 22 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

      v.

DARIN DEMIZIO, et al.,

                    Defendants.

---

3927
Civ. No. 07-927 (JG)(RML)

## FINAL JUDGMENT OF
## PERMANENT INJUNCTION AND OTHER RELIEF
## AS TO DEFENDANTS ANTHONY LUPO AND CLINTON MANAGEMENT, LTD.

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") alleging that defendants Anthony Lupo ("Lupo") and Clinton Management, Ltd. ("Clinton Management") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.C. § 240.10b-5], and Lupo and Clinton Management having executed the Consent of Defendants Anthony Lupo and Clinton Management, Ltd. ("Consent") annexed hereto and incorporated herein, having acknowledged service of the Summons and Complaint and having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over them and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, and having consented to the entry of this Final Judgment Of Permanent Injunction

And Other Relief As To Defendants Anthony Lupo And Clinton Management, Ltd. ("Final Judgment"), without further notice:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the defendants Lupo and Clinton Management are permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

(A) employing any device, scheme, or artifice to defraud;

(B) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the defendants Lupo and Clinton Management are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(A) employing any device, scheme, or artifice to defraud;

2

(B)      making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.C. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the defendants Lupo and Clinton Management are jointly and severally liable for disgorgement of $2,100,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $580,138.00. Based on defendants Lupo's and Clinton Management's sworn representations in their Statements of Financial Condition, dated May 17, 2010, and other documents and information submitted to the Commission, however, the Court is not ordering defendants Lupo and Clinton Management to pay a civil penalty, and payment of the disgorgement and prejudgment interest thereon is waived. In determining not to order defendants Lupo and Clinton Management to pay a civil penalty, and waiving payment of disgorgement and pre-judgment interest thereon, the Court has also considered that Lupo was sentenced, pursuant to his guilty plea in his parallel criminal case, *United States v. Anthony Lupo*, 07-CR-00711 (EDNY) (JG), which involved the same conduct alleged in the Commission's Complaint, to pay $1,000,000.00 in restitution and serve 26 months in federal prison followed by 3 years of supervised release.

3

The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of defendants Lupo's and Clinton Management's Statements of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to defendants, petition the Court for an order requiring defendants to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendants may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon defendants Lupo and Clinton Management, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF DEFENDANTS ANTHONY LUPO AND CLINTON MANAGEMENT, LTD.

1. Defendants Anthony Lupo ("Lupo") and Clinton Management, Ltd. ("Clinton Management"), being fully apprised of their rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Final Judgment Of Permanent Injunction And Other Relief As To Defendants Anthony Lupo and Clinton Management, Ltd. ("Final Judgment"), appear and admit to the jurisdiction of this Court over them and over the subject matter of this action, waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial or argument, and without admitting or denying the allegations of the Complaint filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consent to the entry of the annexed Final Judgment.

2. Lupo and Clinton Management agree that this Consent Of Defendants Anthony Lupo and Clinton Management, Ltd. ("Consent") shall be incorporated by reference in and made part of the Final Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

3. Lupo and Clinton Management waive the right, if any, to a jury trial and to appeal from the Final Judgment.

4. Lupo and Clinton Management acknowledge that any violation of any of the terms of the Final Judgment may place them in contempt of this Court and subject them to civil or criminal sanctions.

5. Lupo and Clinton Management acknowledge that they enter into this Consent

6

voluntarily, and that this Consent and the Final Judgment embody the entire understanding between them and the Commission. Lupo and Clinton Management acknowledge and agree that this proceeding and their Consent to the entry of the Final Judgment are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6.   Lupo and Clinton Management acknowledge that they have been informed and understand that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7.   Lupo and Clinton Management acknowledge that, in conformity with the provisions of 17 C.F.C. § 202.5(f), their Consent and the entry of the annexed Final Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against them or anyone else. Among other things, Lupo and Clinton Management waive any right they may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

8.   Lupo and Clinton Management acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and

7

regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

       9.     Lupo and Clinton Management understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.C. § 202.5(e). In compliance with this policy, Lupo and Clinton Management agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Lupo and Clinton Management hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If Lupo or Clinton Management breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects Lupo's and Clinton Management's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

      10.    Lupo and Clinton Management agree that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Judgment and for all other purposes.

      11.    Lupo and Clinton Management hereby consent and agree that the annexed Final

Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

12. Lupo and Clinton Management will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

13. Lupo and Clinton Management waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Lupo and Clinton Management of its terms and conditions. Lupo and Clinton Management agree to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging their receipt of the Final Judgment no later than twenty (20) days after a copy of the Final Judgment has been delivered to their counsel, Mark Hyland, Esq., Seward & Kissel, One Battery Park Plaza, New York, New York 10004.

14. Lupo and Clinton Management hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Lupo and Clinton Management to defend against this action. For these purposes, Lupo and Clinton Management agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Lupo and Clinton Management (i) agree to appear and be interviewed by Commission staff

9

at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint their attorney, Mark Hyland, Esq., as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Lupo's and Clinton Management's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over them in any United States District Court for purposes of enforcing any such subpoena.

Dated: October 18, 2010

_____
Anthony Lupo

On October 18, 2010, Anthony Lupo, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

WALTER NAEDER
Notary Public, State of New York
No. 02NA6222023
Qualified in Kings County
Certificate Filed in New York County
Commission Expires May 14, 20__

10

Clinton Management, Ltd.

By: /s/ Anthony Lupo
Anthony Lupo
Officer and Director

On **October 18**, 2010, Anthony Lupo, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Clinton Management, Ltd. as its Officer and Director.

/s/ Walter Naeder
Notary Public
Commission expires:

WALTER NAEDER
Notary Public, State of New York
No. 02NA6222023
Qualified in Kings County
Certificate Filed in New York County
Commission Expires May 14, 2014

SO ORDERED:

s/John Gleeson                12-22-10
UNITED STATES DISTRICT JUDGE

11