FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 17 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

                            v.

DARIN DEMIZIO, et al.,

                            Defendants.

Civ. No. 07-3927 (JG)(RML)

### FINAL JUDGMENT AS TO AS TO DEFENDANTS JOSEPH MILLER AND COBBLEHILL CONSULTING, INC.

The Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") and Defendants Joseph Miller and Cobblehill Consulting, Inc. (collectively the "Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are jointly and severally liable for disgorgement of $604,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $129,760. Defendants shall satisfy this obligation by paying $733,760 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV, after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph Miller and Cobblehill Consulting, Inc. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part

3

of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall pay $733,760 in two installments according to the following schedule: (1) $60,000 within 14 days of entry of this Final Judgment; and (2) $673,760 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent of Defendants Joseph Miller and Cobblehill Consulting, Inc. is incorporated herein with

4

the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 4/16/13

**SO ORDERED:**

/s/ John Gleeson
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>   v.<br><br>DARIN DEMIZIO, et al.,<br><br>          Defendants. | Civ. No. 07-3927 (JG)(RML) |

## CONSENT OF DEFENDANTS JOSEPH MILLER AND COBBLEHILL CONSULTING, INC.

1.   Defendants Joseph Miller and Cobblehill Consulting, Inc. (collectively the "Defendants") acknowledge having been served with the Complaint in this action, enter general appearances, and admit to the Court's jurisdiction over them and over the subject matter of this action.

2.   In *United States v. Joseph Miller*, 07-CR-688 (EDNY), Miller pleaded guilty to criminal conduct relating to certain matters alleged in the Complaint in this action.

3.   Defendants hereby consent to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a)   permanently restrains and enjoins Defendants from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and

6

  (b)  orders Defendants to pay disgorgement in the amount of $604,000, plus prejudgment interest thereon in the amount of $129,760.

4. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce them to enter into this Consent.

7. Defendants agree that this Consent shall be incorporated into the attached Final Judgment with the same force and effect as if fully set forth therein.

8. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that they have received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or

Case 1:07-cv-03927-JG-RML   Document 58   Filed 04/17/13   Page 8 of 10 PageID #: 239

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

11.     Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, defendant Joseph Miller acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this

action to the extent that they deny any allegation in the Complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:
FEBRUARY 12, 2013

_____
Joseph Miller

On FEBRUARY 12, 2013, Joseph Miller, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires 03/21/2015

WENDY C ORDONEZ
Notary Public, State of New York
No. 01OR6237315
Qualified in Queens County
Commission Expires 03/21/2015

_____
Cobblehill Consulting, Inc.

By: _____
Joseph Miller

On FEBRUARY 12, 2013, Joseph Miller, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Cobblehill Consulting, Inc.

_____
Notary Public
Commission expires:

WENDY C ORDONEZ
Notary Public, State of New York
No. 01OR6237315
Qualified in Queens County
Commission Expires 03/21/2015

10